FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 27 2005

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

JOHNNY S. JONES, SR.                                           **PLAINTIFF**

VS.                                          4 -05   CV0000821 WRW

SALINE COUNTY; PHIL MASK,
SALINE COUNTY SHERIFF;
BILL FIELD CHIEF DEPUTY;
ANSEL WYLLIA, JAIL
ADMINISTRATOR of the SALINE COUNTY
DETENTION FACILITY; JAILERS AT THE SALINE
COUNTY DETENTION CENTER;
LANNY FITE, SALINE COUNTY JUDGE;
PAT BISBEE, MIKE KEMP, HERMAN REEVES,     This case assigned to District Judge
CAROLYN COUNTS, SUE JOHNSON,              and to Magistrate Judge
DOUG CURTIS, BUSTER WARRICK,
OWEN BULLOCK, JERRY LANDRETH,
J. R. WALTERS , and PATRICK RHODES,
MEMBERS of the SALINE COUNTY
QUORUM COURT.                                                  **DEFENDANTS**

## COMPLAINT

Comes now the Plaintiff, Johnny S. Jones, Sr., by and through his attorneys, Stephen W.

Tedder and Orin Eddy Montgomery, and for his complaint alleges and states that:

I.

### INTRODUCTION

1. This action is brought by the Plaintiff for injuries suffered while he was confined to

Saline County Detention Facility (hereinafter referred to as "SCDF." The Plaintiff contends that

the reckless disregard of detention facility officials in failure to maintain adequate security within

the jail; in failure to provide adequate accommodations for the Plaintiff as a hearing impaired

person; in the negligent hiring and training of jail personnel; and in failure to meet minimum housing standards and regulations of inmates in SCDF, is in violation of the Arkansas and United States Constitution, as well as the statutes of the United States.

2. The Plaintiff seeks damages and injunctive relief and ask this Court to find the Defendants' failure to provided adequate security to the Plaintiff unconstitutional as a violation of the mandates prescribed by the Constitution of the United States and the State of Arkansas.

## · II.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. Sec. 1983, and the Fifth, Eight, and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1343.

4. Venue is proper pursuant to 42 U.S.C. Sec. 1391 (b), as the acts complained of occurred in Saline County, Arkansas, such County being situated in the Western Division of the Eastern District of Arkansas.

## III.

## PARTIES

5. The Plaintiff, Johnny S. Jones, Sr., is a resident of the State of Arkansas, and at all times relevant, was an inmate at the SCDF.

6. The Defendant , Phil Mask, (hereinafter referred to as "Mask"), is and at all times mentioned was the Sheriff of Saline County Sheriff's Department. As such he was the commanding officer of defendants, Bill Field, Ansel Wyllia and all other employees of the Saline

County Sheriff's Department and the SCDF, and was responsible for the hiring, training, supervision, and conduct of defendants as more fully set forth below. He is responsible by law for managing the populations and operations of the SCDC in compliance with the laws and constitution of the State of Arkansas and within the requirements of the United States Constitution, which includes but is not limited to meeting minimum jail standards, administration, maintenance and security of the SCDC. He is sued in his individual and official capacity.

7. Bill Field, Chief Deputy , (hereinafter referred to as " Field") and Ansel Wyllia, Jail Administrator (hereinafter referred to as "Wyllia") were at all times relevant, employees of the Saline County Sheriff's Department, and were responsible for the administration, maintenance and security of the SCDC. Field and Wyllia are sued in their individual and official capacity.

8. Defendant Lanny Fite, (hereinafter referred to as "Fite"), is and was at all relevant times the Saline County Judge and is the presiding officer of the Saline County Quorum Court, which is responsible for the funding of the Saline County Sheriff's Department. Fite is sued in his individual and official capacity.

9. Defendants, Pat Bisbee, Mike Kemp, Herman Reeves, Carolyn Counts, , Sue Johnson, Doug Curtis, Buster Warrick, Owen Bullock, Jerry Landreth, J. R. Walters, and Patrick Rhodes, were/are members of the Saline County Quorum Court (hereinafter collectively referred to "Quorum Court Members"). The Saline County Quorum Court is responsible for appropriating public funds for the expenses of the county, which includes the Saline County Detention Center. Each member is sued individually and in his or her official capacity.

10. Defendant, Saline County, at all times relevant hereto, employed defendants Field and Wyllia and all other guards at the SCDF.

## IV.

## FACTUAL ALLEGATIONS

11. In or about May, 2002, the Plaintiff, Johnny S. Jones, Sr., was arrested and booked into the SCDC on a charge of rape, a felony offense. Plaintiff was placed in the general jail population in POD "A." Plaintiff remained in the same cell until he was transferred to the Grant County Detention Center.

12. Deputies employed by defendant, Saline County, and supervised by defendants, Mask, Fite and Wyllia placed Plaintiff in a cell with hearing inmates.

13. The other inmates in contact with Plaintiff, included, Joseph Griffith, a convicted sex offender.

14. That inmates, including, Joseph Griffith, made sexual advances toward Plaintiff during his incarceration.

15. That inmates, including, Joseph Griffith, Ben Adams and Shawn Curtis physically abused, harassed and taunted Plaintiff.

16. That inmates Joseph Griffith was an habitual sexual offender.

17. That Plaintiff requested the guard on duty obtain an interpreter so that Plaintiff might properly notify officials of the actions being taken against him. Plaintiff made numerous request for an interpreter. Plaintiff was advised by employees of defendants, that he did not need an interpreter and he could have one "later" and that "we will work out things between us." Plaintiff was further told "there is the phone," the guards, defendants' employees, knowing full well that Plaintiff was deaf and unable to utilize the telephone.

18. That Plaintiff's requests for an interpreter for the deaf were ignored until after Plaintiff was raped.

19. That Plaintiff attempted numerous times to alert the guard on duty of the physical abuse and harassment but was ignored.

20. That on June 2, 2002, three inmates, including Joseph Griffith, Shawn Curtis, and Ben Adams entered Plaintiff's cell, closed the door, put a towel under the door, and attacked Plaintiff, hitting his arms with their fists and pulling his pants down. Inmates Curtis and Adams then held Plaintiff and stood watch while inmate Griffith sodomized Plaintiff.

21. That the same inmates continued to harass and threaten Plaintiff after the June 2 rape.

22. That Plaintiff was initially hesitant to report the incident due to his fear that he would be subject to additional abuse from the inmates. Plaintiff was further concerned that the inmates in question were friends with the guards.

23. That on the Wednesday or Thursday following the June 2 rape of Plaintiff, inmate Joseph Griffith, pulled Plaintiff into the shower area and forced Plaintiff to have oral sex with him.

24. That Plaintiff told another inmate what had happened and asked how he could notify the guards.

25. That Plaintiff made a request to defendant, Wyllia , that he be provided a certified interpreter for the deaf so that he could properly communicate what had happened to him. Plaintiff requested that Wyllia contact Ken Musteen, an interpreter for the deaf. Wyllia, later provided a note to Plaintiff, advising that Ken Musteen would visit with him after the weekend. Ken Musteen never appeared. Wyllia apparently was on vacation the following week. Upon his return, Plaintiff informed Wyllia that he had been raped.

26. That after the second rape other inmates began to tease and harass Plaintiff.

27. That Plaintiff finally was able to get a letter to his sister explaining the rapes. After

visiting with Plaintiff on June 16, 2002, Plaintiff' sister notified the Saline County Sheriff's Department of the rapes.

28. That Plaintiff gave a statement to Detectives Jimmy Long and Det. Cpl. Sandy Romeo of the Saline County Sheriff's department on June 17, 2002. John West a certified interpreter for the deaf was present to interpret for the Plaintiff.

29. That Detectives Long and Romeo interviewed defendant Ben Adams who admitted the allegations of Plaintiff were true and admitted that Plaintiff had indeed been raped twice by inmate Griffith.

30. That inmates Adams and Curtis were each charged with one count of rape as a result of the aforementioned incident. Plaintiff believes inmate Adams entered a negotiated plea of guilty to one count of False Imprisonment in the First Degree and was sentenced to 120 months of imprisonment as a result of the charge against him. Plaintiff believes inmate Curtis entered an negotiated plea of guilty to one count of False Imprisonment in the First Degree and was sentenced to 144 months of imprisonment as a result of the charge against him.

31. That inmate Joseph Griffith was charged with two counts of rape, class Y felonies. Plaintiff believes defendant Griffith pleaded guilty to Sexual Assault in the Second Degree and was sentenced to 18 years in the Arkansas Department of Correction as a habitual offender.

32. Plaintiff has suffered both physical and mental injuries and continues to suffer mental injuries as a result of these rapes, including but not limited to, insomnia, anxiety, depression and mental anguish; Plaintiff's depression resulted in his attempting suicide.

33. The Defendants, individually and in concert had knowledge of the following:

a. Defendants knew that Plaintiff was handicapped due to his hearing and speech impairment.

b. The SCDF was grossly overcrowded and understaffed at the time of the events in question, thereby, creating a known and excessive risk to inmates' health and safety.

c. Inmates were not property segregated in violation of established jail standards, thereby creating a known and excessive risk to inmates' health and safety.

d. Jail staff was not properly trained, in violation of established jail standards, thereby creating an excessive risk to Plaintiff' health and safety;

e. Deliberate failure to remedy overcrowding and understaffing resulted in a known and excessive risk of harm to Plaintiff' health and safety;

f. The Defendants, Saline County , Mask, Field and Wyllia, failed to provide training and supervision of employees regarding the care, control, supervision and safety of inmates within the SCDF.

g. Defendants had knowledge that their jailers were negligent in their duties;

h. The Quorum Court and Defendant Fite were aware of the understaffing and inadequate training problems in the SCDF;

i. Defendants are responsible for the care and control of the inmates in the SCDF.

j. Defendants failed to protect the Plaintiff and maintain proper security and control of the SCDF.

k. Defendants manifested a deliberate indifference to the attacks on Plaintiff and Plaintiff's attempt to obtain aid, resulted in an excessive risk to Plaintiff's health and safety;

l. Defendant's actions and inactions in light of their knowledge of existing jail conditions, created a known and substantial risk of harm to the Plaintiff.

## V.

## CLAIM FOR RELIEF

34. The Plaintiff adopts and realleges each and every allegation contained in Paragraphs 1-33 above, as if stated herein word for word.

35. Despite the knowledge of the conditions of the jail, Defendants Quorum Court, Fite and Saline County, failed to protect the Plaintiff and to alleviate the conditions that created the substantial risk of harm to the Plaintiff.

36. Despite the knowledge of the Defendants employed by the Sheriff's Department of the attempts by the Plaintiff to notify the Defendants of his injuries and the continued threat of injuries, the Defendants' deliberate disregard of the substantial risk of harm gives rise to the violation of the Plaintiff's Eight Amendment rights.

37. The failure of the Defendants, to provide training and supervision of employees regarding the care, control supervision, segregation, and safety of inmates within the SCDF amounts to deliberate indifference to the safety of the Plaintiff and the inmates of the SCDF. This deliberate indifference was the proximate cause of the injuries to Plaintiff.

38. The continuous failure of all of the Defendants to meet jail standards and enforce the laws of the State of Arkansas, in light of their knowledge of the danger and substantial risk created by the conditions of the SCDC, amount to a policy of deliberate indifference to their obligations to provide a safe environment for the Plaintiff and the inmates of the SCDC. The Defendants' actions and refusal to respond or act violated 42 U.S.C. Sec. 1983, and the Fifth, Eight and Fourteenth Amendments to the United States Constitution.

39. As a result of the Defendants' deliberate indifference and intentional action and refusal to respond or act, the Plaintiff has sustained physical and psychological harm, pain and suffering and mental anguish and continues to suffer from psychological harm. Defendants' deliberate indifference and failure to protect Plaintiff was the proximate cause of the injuries to Plaintiff.

40. As a further result of the above-described action and refusal to act to known risk by all the Defendants, Plaintiff was deprived of his rights provided to him under the Constitution of the United States and the laws of the United States and of the State of Arkansas, including but not limited to his right to be free from cruel and unusual punishment under the Eight Amendment, the American with Disabilities Act and the Arkansas Civil Rights Act. Defendants' indifference and failure to protect Plaintiff was the proximate cause of the injuries to Plaintiff.

41. Plaintiff is entitled to compensatory and punitive damages.

42. The Court should find the conditions at SCDF to be unconstitutional and enter appropriate injunctive and equitable relief.

43. Plaintiff is entitled to, and should be granted, attorney fees and costs pursuant to 42 U.S.C. Sec. 1983, et seq.

44. Plaintiff reserves the right to amend his complaint.

45. The Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff prays for judgment against defendants and each of them, as follows: 1) past and future medical expenses and damages; 2) compensatory damages for his pain and suffering in an amount in excess of the amount to establish diversity jurisdiction; 3) punitive damages in an amount to be determined at trial and sufficient to punish these defendants and deter such future similar conduct; 4) find conditions at SCDF unconstitutional and enter appropriate injunctive and equitable relief; 5) reasonable costs and expenses of this action, including a reasonable attorneys fee; and, 6) such other relief as may be just and proper.

RESPECTFULLY SUBMITTED,

Stephen W. Tedder
Attorney At Law
221 W.2d, Ste. 301
Little Rock, AR 72201
(501) 375-4008
State Bar No. 86162

Orin Eddy Montgomery
Montgomery, Adams & Wyatt PLC
Attorneys At Law
221 W. 2d., Ste. 404
Little Rock, AR 72201
(501) 371-9816
State Bar No. 82109